## Thomas v. Commonwealth.

(Decided November 9, 1926.)

### Appeal from Clay Circuit Court.

1. Intoxicating Liquors.—Defendant's guilt of manufacturing intoxicating liquor held for jury on conflicting testimony.
2. Intoxicating Liquors.—Conviction of manufacturing intoxicating liquor held no so flagrantly against evidence as to appear at first blush to be result of passion or prejudice.

ROY W. HOUSE for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

D. A. Thomas, Isaac Taylor, Bill Gray, Roy Thomas and Ora Thomas were jointly indicted for the offense of unlawfully manufacturing intoxicating liquor. Roy and Ora Thomas were not apprehended. On a joint trial the other three were convicted, the punishment of each being fixed at a fine of $300.00 and ninety days in jail. D. A. Thomas appeals, and as a ground for reversal insists that the verdict is not sustained by the evidence.

The facts are, that a sheriff's *posse,* while searching for a criminal, discovered a moonshine still on a farm occupied by Roy Thomas, though under the control of appellant and belonging either to him or to his wife. The still was in a thicket surrounded by woods and located between seventy-five and one hundred yards from Roy Thomas' house, and about three hundred yards from the storehouse and residence of appellant, there being a path leading to it from Roy's house. At the time of its discovery by the officers, Gray and Roy and Ora Thomas were at the still, which was then in operation, there being about two gallons of liquor present. Seeing the officers the Thomas boys ran away; Gray started to run but the officers fired several shots and he stopped. A few minutes afterward D. A. Thomas and a young fellow named Bolin came up. Thomas expressed surprise at the presence of the still and asked what the shooting was about, however, he identified a wagon sheet there present as being his property. Also one of the officers testified that he saw a mattock lying on the ground, which he identified as one that appellant had brought to his shop to be sharpened a short time before. There is evidence that earlier in the morning and after the officers had passed his store, appellant was seen to go to a point a short distance from his store and look in the direction of the place in which the still was later found. It is also shown that his reputation is bad in regard to the sale of intoxicating liquors.

He states in his own behalf that the still was on his wife's land, though under his control; that he had placed his son Ora in possession; he had no interest in the still nor any knowledge of its existence; that its location was not in sight of his residence; that his purpose in going out on the point was to get his mules to water

them, and that this was the only time he was on the point that morning. Later he heard some shooting followed by screams in the direction of his son's house and he went up there to investigate, tracing the sounds to the still, and found the officers cutting up the still and went up to learn about it. The wagon sheet belonged to him and had been used by his son a day or two before in hauling some goods to his store, but he was unable to tell how it had been brought to that place. He was unable to identify the mattock and knew nothing of it. Other witnesses testify that they were in the thicket getting firewood the day before and that there was no still there at that time.

It thus appears that his statement is entirely plausible. On the other hand, the facts and circumstances are sufficient to authorize a belief of his guilt and this was a question for the jury to determine, and we cannot say that their conclusion is so flagrantly against the evidence as to appear at first blush to be the result of passion or prejudice.

Wherefore, perceiving no error, the judgment is affirmed.